MORALES, DEMANDANTE Y APELADO, *v.* PABÓN, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Mayagüez.

No. 985.—Resuelto en octubre 30, 1913.

ENMIENDA DE DEMANDA—INCLUSIÓN DE PARTES DEMANDADAS—ERRORES QUE NO CAUSAN PERJUICIOS.—No constituye error perjudicial para la parte demandada la enmienda de una demanda incluyendo nuevas partes demandadas, cuando

la corte al dictar sentencia omite hacer pronunciamiento alguno en cuanto a dichas nuevas partes, pues tal error si acaso, sería perjudicial al demandante, y no habiendo éste apelado de la sentencia, es ocioso discutir dicho error alegado por la parte demandada.

FIADORES—PRINCIPAL PAGADOR—FIANZA SOLIDARIA.—Los pagarés en litigio fueron garantizados por dos fiadores en la siguiente forma: "Nos constituímos fiadores y principales pagadores del importe de este documento, con la misma obligación que el deudor directo." *Se resolvió* que si bien la frase "principal pagador" tiene el mismo alcance que la de "fiador solidario," en este caso, como los fiadores no expresaron que cada uno de ellos por sí respondía solidariamente del importe de las obligaciones, no puede ser responsable cada fiador de la totalidad de la obligación, sino ambos conjuntamente sin vínculo de solidaridad y dividiéndose por tanto la obligación entre ellos.

Los hechos están expresados en la opinión.

Abogado del apelado: *Sr. José Ramón Freyre.*

Abogado del apelante: *Sr. M. del Toro Colberg.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

El presente pleito se originó en la Corte Municipal de Cabo Rojo, y a virtud de recurso de apelación interpuesto contra la sentencia que en él recayó, conoció del mismo mediante celebración de nuevo juicio la Corte de Distrito del Distrito Judicial de Mayagüez.

La demanda fué dirigida primeramente por Claudio Morales contra Bernardo Pabón, con súplica de que éste fuera condenado a pagar al demandante la suma de $450 con intereses legales, costas, desembolsos y honorarios de abogado, procedente aquella suma de dos pagarés, uno de ellos por valor de $250, de fecha 12 de enero de 1911, vencido en 12 de julio del mismo año, y el otro por la suma de $200, de fecha 19 de junio del expresado año, vencido en 19 de junio de 1912, ambos documentos suscritos por Luis E. Marini como deudor, y por Arturo E. Marini y el demandado Bernardo Pabón como fiadores.

En la demanda se insertan íntegros los mencionados pagarés y en uno y otro consta por medio de obligación que suscriben Arturo E. Marini y B. Pabón, que éstos se constituyen fiadores y principales pagadores del importe de cada documento, con la misma obligación que el deudor directo.

El demandado admitió que los dos pagarés en que se basa la demanda son auténticos, que ambos están vencidos y que ni total ni parcialmente han sido satisfechos, admitiendo también el demandante, que el demandado ofreció pagarle la mitad del importe de la deuda consignada en los pagarés por ser esa la parte proporcional de que únicamente debía responder como fiador.

Después de contestada la demanda, el demandante la enmendó en el sentido de que fueran condenados tanto Pabón como el otro fiador Arturo E. Marini y el deudor Luis E. Marini a pagar mancomunada y solidariamente a Morales la suma de $450 con intereses, costas, desembolsos y honorarios de abogado. El demandado se opuso a la admisión de tal enmienda. El juicio terminó por sentencia que dictó la Corte de Mayagüez en 11 de marzo del corriente año, por la que condena al demandado Pabón a pagar al demandante Morales la suma reclamada de $450, importe de los dos pagarés, con más los intereses legales de dicha suma o sea el 6 por ciento anual desde la interposición de la demanda hasta el completo pago, sin especial condena de costas, contra cuya sentencia interpuso el demandado recurso de apelación para ante esta Corte Suprema.

Dos errores alega la parte apelante como motivos de su recurso: uno de ellos, consistente en la admisión de la enmienda de la demanda, y el otro, en haber declarado al demandado Pabón deudor solidario, condenándolo en su consecuencia al pago del montante total de los dos pagarés.

Juzgamos ocioso discutir el primer error alegado, pues la corte al dictar sentencia en los términos en que lo hizo prescindió de la enmienda hecha a la demanda y por tanto ningún agravio causó al demandado Pabón. La parte agraviada hubiera sido en todo caso el demandante, y éste no ha apelado contra la sentencia por la omisión de pronunciamiento respecto del deudor directo y del otro fiador Arturo E. Marini.

La única cuestión, pues, a resolver es si la obligación de los fiadores Arturo E. Marini y Bernardo Pabón es man-

comunada o solidaria, pues mientras el demandado Pabón afirma lo primero, el demandante sostiene lo segundo.

En defensa de su recurso invoca la parte apelante los artículos 1104 y 1105 del Código Civil vigente.

Esos artículos dicen así:

"Artículo 1104.—La concurrencia de dos o más acreedores o de dos o más deudores en una sola obligación, no implica que cada uno de aquéllos tenga derecho a pedir ni cada uno de éstos deba prestar íntegramente las cosas objeto de la misma. Sólo habrá lugar a esto cuando la obligación expresamente lo determine, constituyéndose con el carácter de solidaria."

"Artículo 1105.—Si del texto de las obligaciones a que se refiere el artículo anterior no resulta otra cosa, el crédito o la deuda se presumirán divididos en tantas partes como acreedores o deudores haya, reputándose créditos o deudas distintos unos de otros."

Los artículos transcritos examinados en relación con la obligación de fianza son concluyentes y decisivos de la cuestión fundamental del presente litigio.

En cada uno de los pagarés de que se trata, dicen Arturo E. Marini y B. Pabón: "Nos constituimos fiadores y principales pagadores del importe de este documento, con la misma obligación que el deudor directo;" es decir, que los expresados Marini y Pabón, representan juntos la entidad jurídica del fiador y no constituyen doble obligación de fianza sino una sola garantizadora de la obligación principal, pues no expresaron en los pagarés que cada uno de ellos por sí, individual o personalmente, garantizaban su pago, por más que asumiendo el carácter de principales pagadores los dos conjuntamente y unidos por un vínculo común quedaran obligados en la misma forma que el deudor directo.

Reconocemos que la frase *principal pagador* tiene el mismo alcance que la de *fiador solidario,* según sentencia del Tribunal Supremo de España de 11 de octubre de 1875 en el caso de *José Fontova* v. *Zamora, Costa y Co.,* y la de esta Corte Suprema en el caso de *Salgado* v. *Villamil et al.,* 14 D. P. R., 449; y haciendo aplicación de esa doctrina al presente caso,

opinamos que Arturo E. Marini y Bernardo Pabón son fiadores solidarios en relación con el deudor directo Luis E. Marini, pero no con separación e independencia entre sí, cual si se tratara de dar doble garantía al cumplimiento de las obligaciones contraídas, sino conjuntamente o sea mediante una sola garantía, constituída por dos personas distintas sin lazo de solidaridad en las mismas. Del texto de los pagarés no resulta que cada uno de los fiadores se obligara solidariamente, y por tanto entre ellos debe prorratearse la responsabilidad contraída en concepto de principales pagadores.

Así se dará aplicación al artículo 1738 del código citado que concordante con los artículos ya transcritos, dice así:

"Artículo 1738.—Siendo varios los fiadores de un mismo deudor y por una misma deuda, la obligación a responder de ella se divide entre todos. El acreedor no puede reclamar a cada fiador sino la parte que le corresponda satisfacer, a menos que se haya estipulado expresamente la solidaridad."

La solidaridad de cada uno de los dos fiadores en el presente caso no ha sido convenida por modo expreso, si bien es solidaria la responsabilidad de ambos conjuntamente, por el concepto que juntos tienen de principales pagadores, con la misma obligación que el deudor directo.

Por las razones expuestas procede la revocación de la sentencia apelada y que se dicte otra condenando al demandado Bernardo Pabón a pagar al demandante Claudio Morales la suma de $225, sin perjuicio de los derechos que asistan al demandante para cobrar de quien o quienes corresponda el resto del total montante de los dos pagarés, sin especial condena de costas, desembolsos y honorarios de abogado.

*Revocada la sentencia y dictada otra condenando al demandado al pago de $225, reservando al demandante su derecho para cobrar el resto del importe total de los dos pagarés a quien corresponda, sin especial condena de costas.*

Jueces Concurrentes: Sres. Asociados Wolf, del Toro y Aldrey.

El Juez Asociado Sr. MacLeary no tomó parte en la resolución de este caso.